**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Helen Ann Parson, )<br><br>Plaintiff, )<br><br>vs. )<br><br>Commissioner of the Social Security )<br>Administration, )<br><br>Defendant )<br> )<br> ) | Civil Action No. 4:10-cv-742-RMG<br><br><br>**ORDER** |

Plaintiff filed this action *pro se* pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner denying her Supplemental Security Income (SSI). In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to the Magistrate Judge for pre-trial handling. The Magistrate Judge filed a Report and Recommendation on October 28, 2011 recommending that the Commissioner's decision be affirmed. (Dkt. No. 48). Plaintiff filed an objection to the Magistrate Judge's Report and Recommendation. (Dkt. No. 51). After a careful review of the full medical record, the decision of the Administrative Law Judge and controlling legal authorities, the Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision of the Commissioner.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo*

-1-

determination of those portions of the Magistrate Judge's Report and Recommendation to which specific objection is made, and may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

In this matter, Plaintiff is morbidly obese with a self reported weight of 540 pounds. The Commissioner recognizes obesity as a "complex, chronic disease" that places a claimant at increased risk of cardiac, respiratory and musculosketetal complications. SSR 02-1P. Social Security adjudicators are directed to consider all impairments directly associated with obesity as well as the combined effects of obesity with other impairments. *Id.* The Administrative Law

-2-

Judge concluded that Plaintiff's obesity was a "severe impairment" but then went on to find that she was nonetheless capable of performing sedentary work. (Record [hereafter"R"] at 14-21).

The Court has carefully evaluated the medical evidence and other evidence in the record to confirm that there is substantial evidence to support the decision of the Commissioner. Plaintiff's own treatment records are very limited and do not demonstrate significant disabling complications from her disability. ( R. at 96-129). Plaintiff was examined by a consulting physician, Dr. Lubummi Myles, who found relatively few complications from the patient's morbid obesity. ( R. at 130-140). Dr. Myles' findings included good range of motion in the upper and lower extremities, well controlled hypertension and the ability to lift or carry up to 50 pounds. ( R. at 132, 133, 135). Dr. Myles concluded that Plaintiff could sit up to six hours per day and stand up to two hours per day. ( R. at 136). He also found that Plaintiff could perform a broad range of activities of daily living, including shopping, using public transportation, preparing simple meals and providing personal hygiene. ( R. at 140). A chart review by Dr. F. Keels Baker reached similar conclusions, noting that "records do not show significant limitations." ( R. at 116). Plaintiff contests these findings.

The Administrative Law Judge carefully analyzed in his decision the medical evidence and other evidence available in the record and concluded that Plaintiff had the residual functional capacity to perform sedentary work and that jobs exist in significant numbers in the national economy which Plaintiff can perform. ( R. at 15-21). After the Appeals Council declined to review this matter, the decision of the Administrative Law Judge became the decision of the Commissioner. Although there is some evidence in the record tending to support Plaintiff's claim, the Court finds that there is substantial evidence in the record to support the decision of

the Commissioner.[1]  Under the Social Security Act, the Court is not permitted to substitute its

judgment for the Commissioner and is mandated to affirm the Commissioner's decision if it is

supported by substantial evidence in the record. Therefore, the Court hereby affirms the decision

of the Commissioner denying SSI benefits to Plaintiff.

        AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
December 28, 2011

---

[1] Should Plaintiff's condition worsen or she experience additional complications from her
morbid obesity, she has every right to file another application for SSI. It is generally necessary
that any application for disability benefits be medically documented and, if possible, supported
by appropriate diagnostic studies and the opinions of treating health care providers.

-4-